FILED
05/21/2026
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 25, 2025[1]

**STATE OF TENNESSEE v. RANDALL C. JOHNSON**

**IN RE: NASHVILLE BANNER**

**Extraordinary Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2021-C-1591    Angelita Dalton, Judge**

_____

**No. M2024-00959-SC-R10-CO**

_____

HOLLY KIRBY, J., with whom JEFFREY S. BIVINS, C.J., joins, concurring in part and dissenting in part.

I agree with many of the holdings in the majority's good opinion, but I write separately because I disagree with the majority's adoption of a new compelling interest standard for sealing documents.

First, the holdings with which I agree. I agree with the majority's holding that Rule 10 interlocutory review may be available to media intervenors when documents involved in judicial proceedings are sealed. In this case, the disqualification motion and its attachments were apparently initially sealed by the court clerk with no court order, and I agree with the majority that court clerks have no authority to seal records except as directed by the judges of their courts.

I support the majority's holding that the documents must be disclosed. Here, the judicial decision under appellate review is the trial court's order requiring the documents to remain sealed. Applying the "good cause" standard set out in established caselaw such as *Ballard v. Herzke*, 924 S.W.2d 652, 658 (Tenn. 1996), I too reach the conclusion that the documents should not remain sealed. As *Ballard* explained:

---

[1] *Nashville Banner* filed a motion to submit this appeal for decision on the record and briefs. We granted that motion on June 25, 2025.

Factors in the balance weighing against a finding of good cause include: (1) the party benefitting from the protective order is a public entity or official; (2) the information sought to be sealed relates to a matter of public concern; and (3) the information sought to be sealed is relevant to other litigation and sharing it would promote fairness and efficiency.

*Id.* The disqualification motion at issue in this case unquestionably checks all of these boxes. The motion related to a public official; the information sought related to a matter that was of public concern; and the information sought could have been relevant to other litigation. All of these factors weigh decisively against finding good cause to seal. The *Ballard* factors that favor a good cause finding relate to litigation between private litigants on matters of purely private concern; none are applicable where, as here, the underlying litigation is criminal. *Id.* at 658–59. Thus, all *Ballard* factors weigh against sealing and no *Ballard* factors weigh in favor of sealing. Under *Ballard* and our established good cause standard, and under any appellate standard of review, the documents should not remain sealed.[2]

Done. That's all that is needed to decide this case.[3]

Nevertheless, the majority goes well beyond what is necessary to decide the case and adopts a broad new "compelling interest" standard for sealing documents.[4] This is where I respectfully part company with the majority. Assuming *arguendo* that the Court needs to reconsider "the complicated landscape of sealing standards, both substantive and procedural," a case like this with an extremely limited record, a tiny number of documents at issue, and a highly unusual procedural posture is not the appropriate vehicle for doing so. Elizabeth A. Rowe, *Judicial Secrecy*, 59 U.C. Davis L. Rev. 227, 236 (2025) (referencing the complexity of the issues and the lack of consensus even in the federal courts on many of them).

---

[2] As noted by the majority, the trial court approached the findings on sealing in a responsible manner. Nevertheless, this Court is weighing the sealing question anew. Considering the *Ballard* good cause factors and using the good cause standard, the question of whether the documents should remain sealed is not a close one. There is not good cause to keep them sealed.

[3] I agree with Chief Justice Bivins that the majority effectively admits that it is not necessary here to decide whether to adopt a compelling interest standard. I also agree with Chief Justice Bivins that the Court should exercise its discretion not to address this issue here, even if we have the authority to do so.

[4] In support of adopting this new standard, the majority cites a Court of Appeals case, *In re NHC–Nashville Fire Litig.*, 293 S.W.3d 547, 567 (Tenn. Ct. App. 2008). Respectfully, that citation is not accurate. As an intermediate appellate court decision, *In re NHC* did not purport to adopt a new "compelling interest" standard. It instead used the word "compelling" to describe the kind of reasons that would be needed to outweigh the established *Ballard* "good cause" factors militating against finding good cause to seal records filed with a dispositive motion on a matter of public safety, namely, a nursing home fire that resulted in multiple fatalities. *Id.*

This case is an anomaly. In most appellate cases on sealing, one party is vigorously arguing to keep documents sealed. Not so here. At no point in these proceedings has any party contended that the documents should be sealed. The State nominally opposes the Banner in this appeal, but it only asks the Court to maintain the abuse-of-discretion standard for appellate review. The State doesn't care if the disqualification motion is sealed or not. Consequently, at no point have we gotten sharp advocacy on whether we should reject the "good cause" standard set forth in *Ballard* and Tenn. R. Civ. P. 26.03 and adopt a new compelling interest standard.

The majority in effect concedes it does not need to address any change in the standard to resolve this appeal. It explains that it nevertheless exercises its discretion to do so because (1) the parties here are not adversarial on the issue, (2) the question "implicates significant constitutional interests," and (3) holding that the documents clearly should not be sealed under *any* standard would "send the wrong signal."  Respectfully, this is upside-down. These are precisely the reasons why we should *not* address a change in standard in this case.

In addition, we have heard no argument on whether there should be different standards for different categories of documents, whether there should be different standards for documents at different stages of the proceedings (filed discovery, attached to motions, etc.), or any other of the highly nuanced questions inherent in sealing decisions. "[O]ur adversarial system of justice . . . is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." *Penson v. Ohio*, 488 U.S. 75, 84 (1988) (citation modified) (quoted in *State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022)).[5] Without strong adversarial arguments on both sides of these complicated questions, the potential for unintended consequences looms large.

The majority's holding is also an anomaly. As discussed below, it is at once broad and also limited, and it leaves a host of dangling questions likely to confound lawyers and trial courts. But, if the majority must stake out an unnecessary holding on compelling interest, leaving them unanswered is better than trying to answer them in a vacuum.

Take the majority's holding.  It states that, "to seal judicial records protected by the First Amendment right of access, the interest at stake must be 'compelling.'"  This is a broad holding that will affect sealing decisions all over the State in all kinds of cases.

To apply the majority's compelling interest standard to "judicial records . . . protected by the First Amendment right of access," lower courts and practitioners would probably need to know what the majority considers a "judicial record" protected by the

---

[5] *See also Mackey v. Montrym*, 443 U.S. 1, 13 (1979) ("[O]ur legal tradition regards the adversary process as the best means of . . . minimizing the risk of error") (quoted in *Bristol*, 654 S.W.3d at 925).

First Amendment. The majority explicitly declines to tell us. But it does offer a cryptic disclaimer on what a "judicial record" is *not*: "Whether a certain document is a judicial record protected by the First Amendment is a distinct question from whether the document is a 'court record' for purposes of Tennessee Supreme Court Rule 34 or a 'public record' for purposes of the Tennessee Public Records Act." This provides little useful direction or explanation for lower courts.

Does the majority's holding overrule or limit this Court's established holding in *Ballard* on the good cause standard? This is left unclear. In *Ballard*, as in this case, media interests sought access to documents filed with the court that related to matters of public interest. *See Ballard*, 924 S.W.2d at 657, 662 (holding that media entities "should be allowed to intervene to seek modification of protective orders to obtain access to judicial proceedings or records" and that discovery responses filed with the clerk of the court are "public records"). *Ballard* applied a "good cause" standard to those filed documents and outlined a number of factors to be weighed in assessing good cause. *Id*. at 658–59. The fact that the documents were filed was the salient point in *Ballard*. Here, the majority appears to reject good cause yet repurposes the *Ballard* good cause factors, substituting "compelling interest" for "good cause." This only adds to the mystery of what to make of it all.

In possible recognition of tension with *Ballard*, the majority adds hopefully that its holding would "not affect the good cause standard for protective orders related to civil pre-trial discovery." It explains that, while "Rule 26 protective orders relate to discovery" and protect parties by "preventing dissemination of information or materials," in contrast, a "sealed record is '[a] record to which access is restricted by court order.'" Is the majority attempting to describe a sharp line, where compelling interest applies on the "sealing judicial records" side of the line and good cause applies on the "Rule 26 protective orders" side of the line?

Unfortunately, the lines are not sharp; they're blurry and overlapping. Indeed, the majority's own attempt at contrast is unclear; a court order "preventing dissemination" of documents necessarily "restricts access" to them. Given the overlap, one commentator ended up using the terms "confidentiality orders," "protective orders" and "sealing orders" interchangeably because all of them "refer to judicial orders that protect information from third party or public access." Brian T. FitzGerald, *Sealed v. Sealed: A Public Court System Going Secretly Private*, 6 J.L. & Pol. 381, 382 n.7 (1990). And the question of whether Rule 26.03 applies only to discovery, or whether it applies to sealing questions outside of discovery, or how it applies to overlapping combinations or sequences of the two, has never before been addressed by this Court.

Moreover, in Tennessee, discovery documents are *by default* filed with the clerk of the court. Tenn. R. Civ. P. 5.05. When filed, they are judicial records that are also "public records." *Ballard*, 924 S.W.2d at 661–62. The majority cites federal caselaw in support of

the purported contrast between protective orders and sealed orders, but in the federal courts, discovery is explicitly *not* filed with the district court. *See* Fed. R. Civ. P. 5(d)(1)(A).

Indeed, our own Supreme Court Rule 34 is in tension with the majority's disclaimer footnote indicating that a "judicial record" is neither a "court record" nor a "public record." Rule 34, titled "Public Access to Court Records," says that "a 'record' includes any record defined as a 'public record'" and that "Court Records include Case Records, Administrative Records, and Judicial Records." Tenn. R. Sup. Ct. 34 (2)(A)–(B).

Were the Court to defer consideration of changing the standard to a case in which there are vigorous opposing arguments and a robust record, these questions could be explicitly considered in the Court's analysis of "judicial records." But this is not that case.

Perhaps recognizing potential problems, the majority imposes limits on its compelling interest holding. It says the majority opinion "addresses only the standard for sealing a motion for disqualification and its supporting documents by court order." It states that "the analysis adopted herein is limited to the First Amendment right to access motions for disqualification" as well as "similar motions brought pursuant to Tennessee Supreme Court Rule 10B."

Under the circumstances, I support the majority's limits on its holding. Of course, limits such as these are notoriously ineffectual.[6] But here, they are a less bad choice.

The best choice would be for the Court to order the documents here unsealed based on our established law, and refrain from unnecessarily adopting a new sealing standard in this case. For that reason, I respectfully dissent from the Court's adoption of a new compelling interest standard for sealing documents.

s/HOLLY KIRBY, JUSTICE
HOLLY KIRBY, JUSTICE

---

[6] *See* Jeff Todd, *Undead Precedent: The Curse of A Holding "Limited to Its Facts"*, 40 Tex. Tech L. Rev. 67, 68 (2007).